1  MARYLIN JENKINS (SBN 89832)
   marylin.jenkins@wilsonelser.com
2  WILSON ELSER MOSKOWITZ
     EDELMAN & DICKER
3  525 Market Street, 17th Floor
   San Francisco CA  94105
4  Telephone:     (415) 433-0990
   Facsimile:     (415) 434-1370
5
   JOEL MATTESON (*Pro Hac Vice*)
6  BARLEAN'S
   3660 Slater Road
7  Ferndale, WA 98248
   Telephone:     (360) 398-5810
8  Facsimile:     (360) 483-5637
9
   Attorneys for Defendant BARLEAN'S
10 ORGANIC OILS, LLC

11

12              UNITED STATES DISTRICT COURT

13         FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14

15 CORY BRANNON, etc., et al.,          Case No.: '18CV1619  BTM MDD

16          Plaintiffs,
                                        **DEFENDANT'S MEMORANDUM OF**
17 Vs.                                  **POINTS AND  AUTHORITIES IN SUPPORT**
                                        **OF MOTION FOR SUMMARY JUDGMENT**
18 BARLEAN'S ORGANIC OILS, LLC,         **[FRCP 56]**

19          Defendant
                                        CLASS ACTION
20

21                                      Date:        October 12, 2018
                                        Time:        11:00 a.m.
22                                      Courtroom:  15B

23

24

25

26

27

28        DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
                      OF ITS MOTION FOR SUMMARY JUDGMENT

2045642v.1

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 2

II. BARLEAN'S IS ENTITLED TO SUMMARY JUDGMENT ................................ 4
ON ALL CAUSES OF ACTION ........................................................................... 4

    A.    BARLEAN'S IS ENTITLED TO SUMMARY JUDGMENT ON THE FIRST    CAUSE OF ACTION:  UNFAIR AND UNLAWFUL BUSINESS ACTS AND PRACTICE (California Business and Professions Code §17200, et seq.) .............................................................. 4

        1.    BRANNON CANNOT STATE A CAUSE OF ACTION FOR *UNLAWFUL* ACTS AND PRACTICES. ...................................................................... 4

        2.    BRANNON CANNOT STATE A CAUSE OF ACTION .................................... 5
FOR UNFAIR ACTS AND PRACTICES. ....................................................... 5

        3.    THE RELIEF SOUGHT BY BRANNON UNDER THE UCL IS ..................................... 6
UNAVAILABLE AND UNNECESSARY. ....................................................... 6

    B.    BARLEAN'S IS ENTITLED TO SUMMARY JUDGMENT ON THE SECOND CAUSE OF ACTION: DECEPTIVE ADVERTISING PRACTICES (California Business & Professions Code §§ 17500, et seq.) ............................................................................. 7

    C.    BARLEAN'S IS ENTITLED TO SUMMARY JUDGMENT ON THE THIRD CAUSE OF ACTION: CALIFORNIA CONSUMER LEGAL REMEDIES ACT (California Civil Code §1750, et seq 11

    D.    BARLEAN'S IS ENTITLED TO SUMMARY JUDGMENT ON THE FOURTH CAUSE OF ACTION:  BREACH OF EXPRESS WARRANTY ............................................. 12

    E.    BARLEAN'S IS ENTITLED TO SUMMARY JUDGMENT ON THE FIFTH CAUSE OF ACTION:  QUASI-CONTRACT ............................................................ 14

III. CONCLUSION .................................................................................................. 15

# TABLE OF AUTHORITIES

**Cases**

*Allen v ConAgra Foods, Inc.*, 2013 U.S.Dist. LEXIS 125607 (N.D. Cal. 2013)...................................9

*Alvarez v. Chevron Corp.*, 656 F.3d 925 (9th Cir. 2011)..........................................................................6

*Annunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133 (C.D. Cal. 2005) ..............................................10

*Astiana v. Dreyer's Grand Ice Cream, Inc.*, 2012 U.S. Dist. LEXIS 101371, 2012 WL 2990766 (N.D. Cal. July 20, 2012), ............................................................................................................................14

*Bohac v. Gen. Mills, Inc.*, 2014 U.S. Dist. LEXIS 41454 (N.D. Cal. 2014)............................................9

*Bronson v. Johnson & Johnson*, 2013 U.S. Dist. LEXIS 54029, 2013 WL 1629191 (N.D. Cal. Apr. 16, 2013) .........................................................................................................................................5

*C. Pappas Co., Inc. v. E. & J. Gallo Winery*, 610 F.Supp. 662 (E.D.Cal. 1985)....................................6

*Cal. Serv. Station etc. Ass n v. Union Oil Co.* (1991) 232 Cal.App.3d 44..............................................6

*Campen v Frito Lay*, 2013 U.S. Dist. LEXIS 47126 *; 2013 WL 1320468 (N.D. Cal. 2013) ...........13

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.* (1999) 20 Cal. 4th 163 .........................................6

*Colucci v ZonePerfect Nutrition*, 2012 U.S. Dist. LEXIS 183050, 2012 WL 6737800 (N.D. Cal. 2012) .....................................................................................................................................................14

*Consumer Advocates v. Echostar Satellite Corp.* (2003), 113 Cal. App. 4th 1351 .............................10

*Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service Inc.*, 911 F.2d 242 (9th Cir. 1990) ............................................................................................................................................10

*Dinosaur Development, Inc. v. White* (1989) 216 Cal.App.3d 1310 ....................................................14

*Durell v. Sharp Healthcare* (2010) 183 Cal.App.4th 1350...................................................................14

*Eckler v. Wal-Mart Stores, Inc.*, 2012 U.S. Dist. LEXIS 157132 (S.D. Cal. Oct. 31, 2012) ..............12

*Elias v Hewlett-Packard*, 903 F.Supp.2d  843 (N.D.Cal. 201)............................................................12

*Hairston v South Beach Beverage Co.*, 2012 U.S. Dist. LEXIS 74279 ; 2012 WL 1893818 (C.D. Cal. 2012) .................................................................................................................. 13

*Hairston v South Beach Beverage Company*, 2012 U.S. Dist. LEXIS 74279 (C.D. Cal. 2012) ........... 8

*Hill v. Roll Internat. Corp.* (2011) 195 Cal. App. 4th 1295 ............................................... 15

*In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.*, 2006 U.S. Dist. LEXIS 100903, 2006 WL 1443737 (N.D. Ill. May 17, 2006) ................................................................. 13

*In re Tobacco Cases II* (2015) 240 Cal.App.4th 779 ........................................................ 15

*Jones v ConAgra Foods, 2012 U.S. Dist. LEXIS 178352, 2012 WL 6569393 (N.D.Cal. 2012)* .......... 14

*Jou v Kimberly Clark Corp.*, 2013 U.S. Dist. LEXIS 173216 (N.D. Cal. 2013) ................................ 7

*Jou v. Kimberly-Clark Corp.* 2013 U.S. Dist. LEXIS 173216 (N.D. Cal. 2013) .............................. 10

*Kwan v. SanMedica Int'l*, 854 F.3d 1088 (9th Cir. 2017) ................................................... 12

*Lectrodryer v. SeoulBank* (2000) 77 Cal.App.4th 723 ...................................................... 14

*Madenlian v Flax USA Inc.*, 2014 U.S. Dist. LEXIS 181473 (C.D. Cal. 2014) ................................ 9

*Madrid v. Perot Sys. Corp.* (2005) 130 Cal.App.4th 440 .................................................... 15

*McKell v. Washington Mutual, Inc.* (2006) 142 Cal.App.4th 1457 ......................................... 15

*Melchior v. New Line Productions, Inc.* (2003) 106 Cal.App.4th 779 ..................................... 15

*Mohebbi v. Khazen*, 50 F.Supp.3d 1234 (N.D. Cal. 2014) ................................................. 14

*Nat'l Council Against Health Fraud Inc. v. King Bio Pharms. Inc.* (2003) 107 Cal. App. 4th 1336 .... 4

*Nibbi Brothers, Inc. v. Home Federal Sav. & Loan Assn.* (1988) 205 Cal.App.3d 1415 ................... 15

*Otworth v. Southern Pac. Transportation Co.* (1985) 166 Cal.App.3d 452 ................................ 14

*People v. Nat l Ass n of Realtors* (1981) 120 Cal.App.3d 459 ............................................... 7

*Podolsky v. First Healthcare Corp.* (1996) 50 Cal.App.4th 632 ............................................. 4

*Prakashpalan v Engstrom, Lipscomb & Lack* (2014) 223 Cal.App.4th 1105 ............................... 4

*Pratt v. Whole Foods Mkt. Cal. Inc.*, 2015 U.S. Dist. LEXIS 134968 (N.D. Cal. Sept. 30, 2015) ....... 8

*Rodarte v. Philip Morris, Inc.*, 2003 U.S. Dist. LEXIS 25067, 2003 WL 23341208 (C.D. Cal. June 23, 2003) ................................................................................................................ 12

*Rooney v. Cumberland Packing Corp.*, 2012 U.S. Dist. LEXIS 58710, 2012 WL 1512106 (S.D. Cal. Apr. 16, 2012). ................................................................................................. 8

*Rutherford Holdings, LLC v. Plaza Del Rey*, (2014) 223 Cal.App.4th 221 ......................................... 14

*Sanders v. Apple Inc.*, 672 F. Supp. 2d 978 (N.D. Cal. 2009) ........................................................... 13

*Saunders v. Superior Court* (1994) 27 Cal.App.4th 832 ..................................................................... 4

*Semitekol v. Monaco Coach Corp.*, 582 F. Supp. 2d 1009 (N.D. Ill. 2008) ...................................... 13

*Skelton v. GM Corp.*, 660 F.2d 311, 316 (7th Cir. 1981) .................................................................. 13

*Williams v Gerber*, 552 F.3d 934  (9th Cir. 2008) .............................................................................. 8

**Statutes**

Cal. Civ. Code § 1791.2(a)(1) .......................................................................................................... 12

California Business & Professions Code §§ 17500, *et seq.* ................................................................. 7

California Business and Professions Code §17200 *et seq* .................................................................... 4

Dietary Supplement Health and Education Act of 1994, 21 U.S. Code 321, *et seq* .............................. 3

Safe Drinking Water and Toxic Enforcement Act of 1986, California Health & Safety Code §§25249.5, *et seq.* ..................................................................................................... 3

TO PLAINTIFF HEREIN AND TO HIS COUNSEL OF RECORD:

Defendant BARLEAN'S ORGANIC OILS, LLC ("Barlean's) hereby submits the following points and authorities in support of its Motion for Summary Judgment herein.   This Motion is essentially a Rule 12(b)(6) motion transformed into a Rule 56 motion by virtue of the submission of factual information, by declaration, not contained in the Complaint herein.

## I.  INTRODUCTION

Plaintiff  CORY BRANNON ("Brannon") seeks to represent both a California class and a national class in his allegations against Barlean's, an award-winning supplements provider founded in 1989, and based in Ferndale, Washington.

Brannon's case arises out of his alleged purchase of Barlean's Greens Supplement Powders ("the Product") on an unspecified date[1], and is largely based on what he calls the "Representations," or statements contained on the label of the Product or contained in Barlean's advertising[2], including:

1. "NATURE'S PERFECT SUPERFOOD;"

2. "Pathway to a better life;"

3. "Vegan Superfood;"

4.  containing "Antioxidant Power;"

5. "premium superfood;"

---

[1] It is thus unknown at this point whether Brannon purchased the product outside the four year statute of limitations contained in California's Unfair Competition Law, Cal. Bus. & Prof. Code section 17200, and related statutes relied upon by Brannon.
[2] Brannon does not specifically state what advertising he reviewed and relied on, but for purposes of this motion, his review and reliance will be assumed.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT
2

5. "Supports cleansing of organs and tissues;"

6. "Super-Boost your health and ENERGY;"

7. "Help improve digestion;"

8. "Aid the body's natural detoxification;"

9. "Promote a healthy immune system;" and

10. "superfoods designed to invigorate and nourish both your mind and body. Masterfully formulated with Nature's most vitalizing plant-based ingredients."

Brannon complains that the Representations are not substantiated, and are therefore in violation of the Dietary Supplement Health and Education Act of 1994, 21 U.S. Code 321, *et seq.* ("the DSHEA") ; are false and misleading, because the Product contains lead; and that the lead in the Product is in excess of the allowable limit for lead under California's Proposition 65, the Safe Drinking Water and Toxic Enforcement Act of 1986, California Health & Safety Code §§25249.5, *et seq.* ("Prop 65").

Finally, Brannon contends that the Product does not contain the warning mandated by Prop 65, **although he does not plead a violation of Prop 65.** At most, his complaint can be read as stating that **if** Barlean's is not in compliance with Prop 65, then the Representations are unfair, misleading or deceptive. The sworn evidence submitted by Barlean's in support of this motion shows that Barlean's is in fact in compliance with Prop 65.

As will be seen below, Barlean's is entitled to summary judgment on all of the claims made by Brannon based on these allegations, because, as a legal matter, he cannot state a cause of action under the California statutes and common law he cites, and no triable issue of fact exists to save Brannon's stated causes of action.

## II.  BARLEAN'S IS ENTITLED TO SUMMARY JUDGMENT ON ALL CAUSES OF ACTION

**A.**    **BARLEAN'S IS ENTITLED TO SUMMARY JUDGMENT ON THE FIRST CAUSE OF ACTION:  UNFAIR AND UNLAWFUL BUSINESS ACTS AND PRACTICE (California Business and Professions Code §17200, et seq.)**

California Business and Professions Code §17200 *et seq.* ("the unfair competition law", or "UCL") is written in the disjunctive [and] establishes three varieties of unfair competition — acts or practices which are unlawful, or unfair, or fraudulent." (*Podolsky v. First Healthcare Corp.* (1996) 50 Cal.App.4th 632, 647  Unlawful practices are practices "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." (*Saunders v. Superior Court* (1994) 27 Cal.App.4th 832, 838-839.

Brannan alleges violations of §17200 based on unlawful and unfair acts and practices only.

**1.**    **BRANNON CANNOT STATE A CAUSE OF ACTION FOR *UNLAWFUL* ACTS AND PRACTICES.**

To state a cause of action based on an unlawful business act or practice under the UCL, a plaintiff must allege facts sufficient to show a violation of some underlying law. *Prakashpalan v Engstrom, Lipscomb & Lack* (2014) 223 Cal.App.4th 1105 at 1134.

Brannon states, in ¶ 2 of his complaint herein, that the Representations are not substantiated, and therefore violate the DSHEA.  It is well settled, however, that private litigants may not bring any UCL claims based on an alleged lack of substantiation. *Nat'l Council Against Health Fraud Inc. v. King Bio Pharms. Inc.* (2003) 107 Cal. App. 4th 1336, 1345.  ("Private plaintiffs are not authorized to demand substantiation for advertising claims."). The California legislature "has expressly permitted prosecuting authorities, but not private plaintiffs, to require substantiation of advertising claims," and

2045642v.1

"[t]his limitation prevents undue harassment of advertisers and is the least burdensome method of obtaining substantiation for advertising claims." Id.; see also *Bronson v. Johnson & Johnson,* 2013 U.S. Dist. LEXIS 54029, 2013 WL 1629191, at *8 (N.D. Cal. Apr. 16, 201 (granting motion to dismiss claims under all three prongs of the UCL premised on lack of substantiation allegations because "[c]laims that rest on a lack of substantiation, instead of provable falsehoods, are not cognizable under the California consumer protection laws").

Brannon also attempts to support his claim under the UCL by stating that the Product contains lead in amounts that exceed the standard set by Prop 65. He further states that the label of the Product does not contain the required Prop 65 warning. He does not, however, allege a violation of Prop 65. Indeed, he cannot do so, because, as is set forth in the Declaration of John Puckett, filed and served herewith ("Puckett Decl."), the Product does in fact comply with Prop 65 (Puckett Decl. ¶¶ 3 - 4).

Because Brannon cannot bring a private cause of action for a substantiation violation of the DSHEA and does not, and cannot, allege a violation of Prop 65, he cannot state a cause of action under the UCL for unlawful acts and practices.

### 2.   BRANNON CANNOT STATE A CAUSE OF ACTION FOR *UNFAIR* ACTS AND PRACTICES.

Brannon also attempts to base his cause of action under the UCL on unfair acts and practices. In support of this cause of action, Brannon alleges that the failure to include a Prop 65 label on the Product  is a material misrepresentation and omission, and that Barlean's has not provided substantiation for its claims.  As has already been demonstrated, Brannon cannot bring a substantiation claim, and, as to his first basis, Barlean's is already in compliance with Prop 65 (Puckett Decl., . ¶¶ 3 - 4).

Plaintiff himself relies on the requirements of Prop 65 as the standard for unfairness. A defense to the unfairness prong of the UCL exists, however, where the business practice at issue expressly is authorized by statute. *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.* (1999) 20 Cal. 4th 163, 183; ("Acts that the Legislature has determined to be lawful may not form the basis for an action under the unfair competition law."); *Alvarez v. Chevron Corp.*, 656 F.3d 925, 933 (9th Cir. 2011) (applying California's safe harbor doctrine, where "courts may not use the [UCL] to condemn actions the Legislature permits."

Because Barlean's acts and practices were expressly authorized by Prop 65, and because Barlean's is in compliance with Prop 65, Brannon has not stated a cause of action under the UCL for unfair conduct. There is no triable issue of fact here because Brannon does not allege a violation of Prop 65, and therefore whether or not the particular container of Product which he purchased at some unspecified time in the past contained a Prop 65 warning is not relevant. At most, he has alleged that if Barlean's is not in compliance with Prop 65, then its labeling and advertising is "unfair." The only fact relevant to that inquiry is Barlean's declaration under penalty of perjury that it does comply with Prop 65.

### 3.   THE RELIEF SOUGHT BY BRANNON UNDER THE UCL IS UNAVAILABLE AND UNNECESSARY.

Finally, Brannon is not entitled to the relief he seeks under the UCL, injunctive relief and restitution. Injunctive relief is unnecessary, because Barlean's is already in compliance with Prop 65. *See e.g. Cal. Serv. Station etc. Ass n v. Union Oil Co.* (1991) 232 Cal.App.3d 44, 57 ([i]njunctive relief will be denied if, at the time of the order or judgment, there is no reasonable probability that the past acts complained of will recur . . . . ); *accord, C. Pappas Co., Inc. v. E. & J. Gallo Winery,* 610 F.Supp. 662, 672 (E.D.Cal. 1985) (requiring continuing activity); *People v. Nat l Ass n of Realtors*

2045642v.1

(1981) 120 Cal.App.3d 459, 476 ( where the injunction is sought solely to prevent recurrence of proscribed conduct which has, in good faith been discontinued, there is no equitable reason for an injunction).

Moreover, Brannon lacks standing to seek injunctive relief.  He contends, at ¶5 of his complaint herein, that "reasonable consumers would not have purchased the Products [sic] if they had known that they contained lead in excess of the California Proposition 65 limits, or would have purchased them [sic] on different terms.  He then avers, at ¶ 39: "it is possible…that [he] would purchase the Products [sic] in the future if the Representations were truthful, and/or if the Products [sic] complied with the required California disclosure standards."  In other words, plaintiff says that he would not have purchased the Product if he knew that it contained naturally occurring lead, but now that he knows that, he would purchase the Product in the future.  This is not a facially plausible claim.  *Jou v Kimberly Clark Corp.,* 2013 U.S. Dist. LEXIS 173216 (N.D. Cal. 2013) at *12:

> guided by the Ninth Circuit's interpretation of Article III' standing requirements, this Court agrees with the courts that hold that a plaintiff does not have standing to seek prospective injunctive relief against a manufacturer or seller engaging in false or misleading advertising unless there is a **likelihood** that the plaintiff would suffer future harm from the defendant's conduct – i.e., the plaintiff is still interested in purchasing the product in question [emphasis added].

Brannon's prayer for restitution under the UCL and California common law will be addressed below, in response to his Fifth Cause of Action, for Quasi-Contract.

**B.**     **BARLEAN'S IS ENTITLED TO SUMMARY JUDGMENT ON THE SECOND CAUSE OF ACTION: DECEPTIVE ADVERTISING PRACTICES (California Business & Professions Code §§ 17500, et seq.)**

Brannon bases his claims of deceptive advertising under the False Advertising Law, California Business & Professions Code §§ 17500, *et seq.* ("FAL") on the same grounds:  one, that

2045642v.1

Barlean's failed to comply with the DSHEA; two, that the labeling of the Product fails to comply with Prop 65; and (3) that the labeling and advertising of the Product is deceptive.

The question of whether a business practice is deceptive in most cases presents a question of fact not amenable to resolution on a motion to dismiss. *Williams v Gerber,* 552 F.3d 934 at 938 (9th Cir. 2008). In certain instances, however, the Court can properly make this determination and resolve such claims based on its review of the product packaging. *See Brockey v. Moore (2003), 107 Cal. App.4th 86, 100* ("the primary evidence in a false advertising case is the advertising itself"). Thus, where a Court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate. *See Rooney v. Cumberland Packing Corp., 2012 U.S. Dist. LEXIS 58710, 2012 WL 1512106 (S.D. Cal. Apr. 16, 2012).*

The facts in this case are undisputed. Barlean's respectfully suggests that the Court can dispose of Brannon's claims because Barlean's advertising because, as a matter of law, it is not likely to deceive a reasonable consumer.

The FAL cases concerning foodstuffs or supplements almost uniformly involve a disparity between the label affirmations and the actual ingredients. For example, in *Pratt v. Whole Foods Mkt. Cal. Inc.*, 2015 U.S. Dist. LEXIS 134968, at *17-18 (N.D. Cal. Sept. 30, 2015) the plaintiff alleged that defendant's use of the phrase "all natural" or "naturale" on the labels of certain products was contradicted by the ingredients list, which included artificial ingredients, such as coloring and chemical preservatives. 2015 U.S. Dist LEXIS 134968 at *3 – 4.

Similarly, in *Hairston v South Beach Beverage Company*, 2012 U.S. Dist. LEXIS 74279 (C.D. Cal. 2012), plaintiff claimed that the label "all natural" was deceptive because the product contained synthetic ingredients, the names of fruits on the product labels were misleading because the

2045642v.1

product did not contain any fruit, and the use of common vitamin names on the label was misleading, because the vitamins in the products were synthetic. *Id.,* 2012 U.S. Dist. LEXIS 74279, at *34-35.

In *Madenlian v Flax USA Inc.,* 2014 U.S. Dist. LEXIS 181473 (C.D. Cal. 2014), the Court held that plaintiff could state a cause of action under the FAL where the product was labeled "All Natural," yet contained artificial, synthetic and extensively processed ingredients. The same was true in *Bohac v. Gen. Mills, Inc.,* 2014 U.S. Dist. LEXIS 41454 (N.D. Cal. 2014), where advertising claims that the product was "100% Natural" and "All Natural" were contradicted by the actual ingredients, which included genetically modified organisms, sodium bicarbonate, soy lecithin, high fructose corn syrup, maltodextrin and other similar ingredients. *Id.,* 2014 U.S. Dist. LEXIS 41454 at *1.

Finally, in *Allen v ConAgra Foods, Inc.,* 2013 U.S.Dist. LEXIS 125607 (N.D. Cal. 2013), a label which stated that the product was "fat free" and "calorie free" was at odds with the product label which revealed that the bottle of product contained 93 grams of fact and 832 calories. *Id.,* 2013 U.S.Dist. LEXIS 125607 at*1-2.

In the instant case, however, there is no disparity between the statements made on Barlean's product label, and the list of ingredients in the Product. The Product which Brannon references in his Complaint, Barlean's Organic Greens Powder, contains the ingredients shown in Exhibit A to the Puckett Decl. Every single ingredient is a natural organic one.

There is not a single ingredient on the list which belies the advertising claims made by Barlean's. There is nothing on either the label or the ingredients list which could plausibly deceive a reasonable consumer. Barlean's submits that any reasonable consumer of its supplements has probably been told from his or her earliest years to "eat your vegetables," that "vegetables are good

for you," that "vegetables promote regularity," and that vegetables contain antioxidants.  There is nothing in the label statements nor in the actual ingredients that is not in accord with such a consumer's reasonable expectations.

Moreover, the language on the Barlean's label is the type of "[g]eneralized, vague, and unspecified assertions [that] constitute 'mere puffery' upon which a reasonable consumer could not rely." *Annunziato v. eMachines, Inc.,* 402 F. Supp. 2d 1133, 1139 (C.D. Cal. 2005). As the Ninth Circuit explained in *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service Inc.,* 911 F.2d 242, 246 (9th Cir. 1990), "[t]he common theme that seems to  run through cases considering puffery in a variety of contexts is that consumer reliance will be induced by specific rather than general assertions." Consequently, "[a]dvertising which merely states in general terms that one product is superior is not actionable. However, **misdescriptions of specific or absolute characteristics** of a product are actionable." *Id.* (internal quotation marks omitted); *see also Consumer Advocates v. Echostar Satellite Corp.* (2003), 113 Cal. App. 4th 1351, 1361 (finding that the descriptions of a satellite television system as possessing "crystal clear digital video" and "CD quality audio" were nonactionable, as the representations were nothing more than "boasts, all-but-meaningless superlatives," and "claim[s] which no reasonable consumer would take as anything more weighty than an advertising slogan"). *Jou v. Kimberly-Clark Corp.* 2013 U.S. Dist. LEXIS 173216 (N.D. Cal. 2013) [emphasis added].

The Court may determine as a matter of law whether a statement is puffery. *Cook, Perkiss supra,* 911 F.2d 242 at 246, confirms that  "District courts often resolve whether a statement is puffery when considering a motion to dismiss pursuant to *Federal Rule of Civil Procedure 12(b)(6)* and we can think of no sound reason why they should not do so."

2045642v.1

Finally, with respect to the lead which Brannon alleges the Product contains, lead is not an added ingredient.  It occurs naturally in food.  Puckett Decl. ¶ 7.  Barlean's complies with the provisions of Prop 65 by attaching the prescribed Prop 65 label, warning that the Product contains lead in excess of the (very low) limits set by Prop 65.  Exhibit A to Puckett Decl.  It is inconceivable that the California legislature intended that a manufacturer could comply with the requirements of Prop 65, and still be vulnerable to claims of false advertising on that basis.  If Brannon alleged that the Representations included a statement such as "lead free," then he might have stated a cause of action.  He has not done this, because the Representations do not include any such statement.

In light of the fact that the Prop 65 label is attached to the Product, Barlean's suggests that no reasonable consumer could be misled. Again, **Brannon does not allege a violation of Prop 65**, and therefore whether or not the particular container of Product which he purchased at some unspecified time in the past contained a Prop 65 warning is not relevant. At most, he has alleged that **if** Barlean's is not in compliance with Prop 65, then its labeling and advertising is "unfair." The only fact relevant to that inquiry is Barlean's declaration under penalty of perjury that it **does** comply with Prop 65.

C.     **BARLEAN'S IS ENTITLED TO SUMMARY JUDGMENT ON THE THIRD CAUSE OF ACTION: CALIFORNIA CONSUMER LEGAL REMEDIES ACT (California Civil Code §1750, et seq**

As already noted, Brannon bases his claims under the California Consumer Legal Remedies Act ("CLRA") upon the same allegations he made for his claims under the UCL and the FAL:     (1) lack of substantiation;  (2) noncompliance with Prop 65 (although not alleging an actual violation of Prop 65); and (3) allegedly misleading and false Representations.

As noted, California law does not provide for a private cause of action to enforce the substantiation requirements of California's unfair competition and consumer protection laws.

2045642v.1

1   including Civil Code §1750, et seq.)  *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1091 (9th Cir. 2017),

2   Barlean's is in compliance with Prop 65 (Puckett Decl. ¶¶ 3 - 4).

3   And, as demonstrated above, the Representations made by Barlean's with respect to its

4   Products are nonactionable "puffing," which could not mislead any reasonable consumer.

5

6   The standard for a CLRA claim is the same as the standard for a UCL claim, and the above analysis therefore applies. *See Elias [v Hewlett Packard]*, 2012 U.S. Dist.

7   LEXIS 146811, 2012 WL 4857822 at *9 (addressing CLRA, FAL, and UCL fraud claim together because "[t]he standard for all three statutes is the 'reasonable

8   consumer' test, which requires a plaintiff to show that members of the public are likely to be deceived by the business practice or advertising at issue") *Eckler v. Wal-Mart*

9   *Stores, Inc.*, No. 12-CV-727-LAB-MDD, 2012 U.S. Dist. LEXIS 157132, at *29 (S.D.

10   Cal. Oct. 31, 2012).

11   Brannon cannot bring a claim under the UCL or the FAL, and thus his CRLA claim must fail

12   as well.

13

14   **D.     BARLEAN'S IS ENTITLED TO SUMMARY JUDGMENT ON THE FOURTH
        CAUSE OF ACTION:  BREACH OF EXPRESS WARRANTY**

15

16   Cal. Civ. Code § 1791.2(a)(1) defines an "express warranty" as "[a] written statement arising

17   out of a sale to the consumer of a consumer good pursuant to which the manufacturer, distributor, or

18   retailer undertakes to preserve or maintain the utility or performance of the consumer good or to

19   provide compensation if there is a failure in utility or performance"). To prevail on a breach of

20   express warranty claim, a plaintiff must prove that the seller "(1) made an affirmation of fact or

21   promise or provided a description of its goods; (2) the promise or description formed part of the basis

22   of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the

23

24   plaintiff." *Rodarte v. Philip Morris, Inc.*, 2003 U.S. Dist. LEXIS 25067, 2003 WL 23341208, *7

25   (C.D. Cal. June 23, 2003).

26

27

28

2045642v.1

However, "[s]tatements constituting 'mere puffery' cannot support liability under a claim for breach of warranty." *Sanders v. Apple Inc.,* 672 F. Supp. 2d 978, 987 (N.D. Cal. 2009). .

It is worthwhile to quote case law in this area at some length, for the numerous examples it provides.  For example, in *Hairston v South Beach Beverage Co.*, 2012 U.S. Dist. LEXIS 74279 * at *18-19; 2012 WL 1893818 (C.D. Cal. 2012), the Court explained that the product

> label fails to meet the definition of 'written warranty' under *Section 2301(6)(A) of the MMWA* because the label neither promises a defect-free product, nor guarantees a level of performance over a specific time period. The challenged statements — 'all natural with vitamins' and the names of various Lifewater flavors — are 'product descriptions' rather than promises that Lifewater is defect-free, or guarantees of specific performance levels. *See, e.g., In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig., 2006 U.S. Dist. LEXIS 100903, 2006 WL 1443737 (N.D. Ill. May 17, 2006)* (dismissing MMWA claim because 'Made in USA' is a 'product description,' not a promise of performance). However, even if the statements could somehow be construed as promises or guarantees, they clearly do not 'specify a level of performance over a specified period of time' and, thus, Plaintiff cannot state a claim under the MMWA. *See, e.g., Skelton v. GM Corp., 660 F.2d 311, 316 n.7 (7th Cir. 1981)* ('A product information disclosure without a specified time period to which the disclosure relates is . . . not a written warranty.'); *Kelley v. Microsoft Corp., 2007 U.S. Dist. LEXIS 66721, 2007 WL 2600841 (W.D. Wash. Sept. 10, 2007)* (dismissing MMWA claim because 'Windows Vista Capable' 2012 U.S. Dist. LEXIS 74279, *14 stickers lack 'temporal element' required to constitute a warranty). In addition, because Lifewater beverages will be consumed immediately and not used repeatedly over time, it would be impossible for Plaintiff to amend his First Amended Complaint to allege such a temporal element. Moreover, the Lifewater label fails to satisfy the definition of 'written warranty' under *Section 2301(6)(B) of the MMWA* because it does not promise refund, repair, or replacement if the product fails to meet specifications. *Semitekol v. Monaco Coach Corp., 582 F. Supp. 2d 1009, 1027-28 (N.D. Ill. 2008)* (rejecting MMWA claim where no promise of refund or repair).

Similarly, in *Campen v Frito Lay*, 2013 U.S. Dist. LEXIS 47126 *; 2013 WL 1320468 (N.D. Cal. 2013), the Court found that plaintiffs' warranty claim failed as a matter of law.

> Plaintiffs allege that Defendants' package labels are warranties that Defendants breached by selling, at premium prices, food products whose labels do not comply with federal or California labeling requirements…This Court has held repeatedly that such arguments are meritless, since product descriptions like "All Natural" labels "do not constitute warranties against a product defect." *Astiana v. Dreyer's Grand Ice*

2045642v.1

*Cream, Inc., No. C 11-2910 EMC, 2012 U.S. Dist. LEXIS 101371, 2012 WL 2990766, at \*3 (N.D. Cal. July 20, 2012),* mot. to certify appeal denied, *No. C 11-2910 EMC, 2012 U.S. Dist. LEXIS 147492, 2012 WL 3892391 (Oct. 12, 2012); see also, e.g., Colucci, 2012 U.S. Dist. LEXIS 183050, 2012 WL 6737800, at \*5-6; Jones, 2012 U.S. Dist. LEXIS 178352, 2012 WL 6569393, at \*12-13* (citing cases). Further, none of the labels promise that the product "will meet a specified level of performance over a specified period of time." The labels were, at most, product descriptions. *Id.,* 2013 U.S. Dist LEXIS 47126 at \*40-41.

The Representations in this matter are clearly in the same category as those considered to be "product descriptions." They "do not specify a level of performance over a specified period of time." They do not promise "refund, repair or replacement if the product frails to meet specifications." They cannot be used to jury-rig a claim for express warranty.

### E.     BARLEAN'S IS ENTITLED TO SUMMARY JUDGMENT ON THE FIFTH CAUSE OF ACTION:  QUASI-CONTRACT

California courts "have frequently construed causes of action labeled 'unjust enrichment' as a 'quasi-contract claim seeking restitution.'" *Mohebbi v. Khazen,* 50 F.Supp.3d 1234 at 1260 (N.D. Cal. 2014), quoting *Rutherford Holdings, LLC v. Plaza Del Rey,* (2014) 223 Cal.App.4th 221, 231. The appellate court has also held that "[u]njust enrichment is synonymous with restitution." *Durell v. Sharp Healthcare* (2010) 183 Cal.App.4th 1350, 1370, (citing *Dinosaur Development, Inc. v. White* (1989) 216 Cal.App.3d 1310, 1314.

The elements for a claim of unjust enrichment are "receipt of a benefit and unjust retention of the benefit at the expense of another." (*Lectrodryer v. SeoulBank* (2000) 77 Cal.App.4th 723, 726. "The theory of unjust enrichment requires one who acquires a benefit which may not justly be retained, to return either the thing or its equivalent to the aggrieved party so as not to be unjustly enriched." (*Otworth v. Southern Pac. Transportation Co.* (1985) 166 Cal.App.3d 452, 460.  It is not, strictly speaking, a theory of recovery, "'but an effect: the result of a failure to make restitution under

2045642v.1

circumstances where it is equitable to do so.' [Citation.] ... It is synonymous with restitution." (*Melchior v. New Line Productions, Inc.* (2003) 106 Cal.App.4th 779, 793. Ordinarily, restitution is required only if "`the benefits were conferred by mistake, fraud, coercion or request.'" (*Nibbi Brothers, Inc. v. Home Federal Sav. & Loan Assn.* (1988) 205 Cal.App.3d 1415, 1422.

Restitution is not an available remedy in the UCL context "for the exclusive purpose of deterrence." *In re Tobacco Cases II* (2015) 240 Cal.App.4th 779, 800 (citing *Madrid v. Perot Sys. Corp.* (2005) 130 Cal.App.4th 440).

As has been demonstrated above, there is no mistake, fraud, coercion or request in this matter to support a claim for restitution. Barlean's labeling and advertising of the Products is in full compliance with the laws which Brannon cites in his Complaint. Moreover, the Representations fall into the category of "puffery," as defined by the Courts, and cannot form the basis for restitution.

> Unjust enrichment is not a cause of action, just a restitution claim. (*McKell v. Washington Mutual, Inc., supra*, 142 Cal.App.4th at p. 1490; *Melchior v. New Line Productions, Inc.* (2003) 106 Cal.App.4th 779, 793 [131 Cal. Rptr. 2d 347].) There being no actionable wrong, there is no basis for the relief. *Hill v. Roll Internat. Corp.* (2011) 195 Cal. App. 4th 1295, 1307.

## III. CONCLUSION

No triable issue of fact exists sufficient to continue the existence of this case. The causes of action set forth by Brannon in his complaint are susceptible to the Court's power to reach conclusions on purely legal issues, and to dismiss each and every one of them.

1. There is no triable issue of fact that Brannon cannot state a cause of action under the UCL based on unlawful conduct by virtue of any alleged violation of the DSHEA because California law does not permit private litigants to bring an action based on alleged lack of substantiation;

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT
15

2. There is no triable issue of fact that Brannon cannot state a cause of action under the UCL based on unlawful conduct by virtue of any alleged violation of Prop 65 because he specifically states that he is not alleging a breach of Prop 65 by Barlean's;

3. There is no triable issue of fact that Brannon cannot state a cause of action under the UCL based on unfair conduct by virtue of some generalized alleged failure to live up to the provisions of Prop 65. **He does not allege a violation of Prop 65**, and therefore whether or not the particular container of Product which he purchased at some unspecified time in the past contained a Prop 65 warning is not relevant. At most, he has alleged that **if** Barlean's is not in compliance with Prop 65, then its labeling and advertising is "unfair." The only fact relevant to that inquiry is Barlean's declaration under penalty of perjury that it **does** comply with Prop 65.

4. There is no triable issue of fact that Brannon cannot state cause of action under the UCL because the California legislature has determined that a defendant in compliance with applicable law cannot be sued under the UCL.

5. There is no triable issue of fact that Brannon cannot seek injunctive relief in this matter because Barlean's is in compliance with Prop 65 and such relief is unnecessary and unwarranted.

6. There is no triable issue of fact that Brannon does not have standing to seek injunctive relief in this matter because his statement that, now that he knows that the Product has some level of naturally occurring lead, he will purchase it in the future.  Since he avers that if he had known in the past that the Product had some level of naturally occurring

lead, he would not have purchased it, his standing for injunctive relief is not based on any facially plausible statement, and cannot rise to the level of a materially disputed fact.

7. There is no triable issue of fact that Brannon cannot state a cause of action under the FAL because, again, he uses Prop 65 and the DSHEA as the standards for the alleged falsity of the Representations. He cannot allege a violation of DSHEA and has not alleged a violation of Prop 65. Again, at most, he has alleged that **if** Barlean's is not in compliance with Prop 65, then its labeling and advertising is "false and deceptive." The only fact relevant to that inquiry is Barlean's declaration under penalty of perjury that it **does** comply with Prop 65, thus meeting the very standard that Brannon himself has proffered.

8. There is no triable issue of fact that Brannon cannot state a cause of action under the FAL because the Representations fall into the category of "puffing," rather than being specific statements of quantity, ingredients, or specific characteristics. If Brannon had alleged that the Representations included a statement such as "lead free," then he might state a cause of action under the FAL, but he has not, and cannot.

9. There is no triable issue of fact that Brannon cannot state a cause of action under the CCLRA because there is no triable issue of fact that Brannon cannot state a cause of action under the UCL or the FAL, which the CCLRA is designed to enforce.

10. There is no triable issue of fact that Brannon cannot state a cause of action under a theory of breach of express warranty because the Representations, as "puffery," are not sufficiently specific or capable of quantification to support an allegation that they constitute an express warranty.

2045642v.1

1    11. There is no triable issue of fact that Brannon cannot state a claim for restitution under a

2    quasi-contract theory because the Representations fall into the category of "puffery," and

3    cannot support a claim for restitution.

4    Barlean's respectfully suggests that Brannon cannot cure these issues by amendment of his

5    Complaint, and that Barlean's is entitled to summary judgment on the entire Complaint.

6

7

8    Dated:  August 13, 2018                          Respectfully submitted,

9                                                     BARLEAN'S
                                                      Joel Matteson, Esq.
10

11                                                    WILSON, ELSER, MOSKOWITZ,
                                                      EDELMAN & DICKER LLP
12

13                                                    By: _____

14                                                        Marylin Jenkins, Esq.
                                                          Attorneys for Defendant BARLEAN'S
15

16

17

18

19

20

21

22

23

24

25

26

27

28        DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
                    OF ITS MOTION FOR SUMMARY JUDGMENT
                                      18

1

**PROOF OF SERVICE**

2
     The undersigned heerby cetifies that a true copy of the following document has been served

3
on August 13, 2018 to all counsel of record who are deemed to have vconsented to electronic

4
service via the Court's CM/ECF  system per Civil Local Rule 5.4:

5
**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

6

7
     Any other cunsel of record will be served by electronic mail, facsimile, and/or overnight

8
delivery.

9
     I declare under penalty of perjury under the laws of the State of California that the foregoing

10
is true and correct to the best of my knowledge.

11
     EXECUTED on August 13, 2018, at San Francisco, California.

12

13
                         /S/ Socorro Lee

14
                         Socorro Lee

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1823149v.1