UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY BRANNON, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BARLEAN'S ORGANIC OILS, LLC,<br><br>Defendant. | Case No.: 3:18-cv-01619-BTM-MDD<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[ECF NO. 4]** |

Pending before the Court is Defendant's Motion for Summary Judgment (ECF No. 4 ("Def.'s Mot. for Summ. J.")), which Plaintiff opposes. For the reasons discussed below, the Court **DENIES** the motion.

## I. BACKGROUND

Plaintiff filed suit against Defendant Barlean's Organic Oils, LLC ("Barlean's") for violations of California business practices law and common law causes of action. Plaintiff, a consumer, purchased dietary supplements ("products") manufactured by Barlean's. (ECF No. 1 ("Pl.'s Compl."), ¶ 1.) Barlean's labeled and advertised its products with the following statements: "Nature's Perfect Superfood," "Pathway to a better life," "Vegan Superfood," and

stated the products contain "Antioxidant Power" and are "designed to invigorate and nourish both your mind and body. Masterfully formulated with Nature's most vitalizing plant-based ingredients." (*Id.*) The labels also claim that the products are a "premium superfood created to": "Support cleansing of organs and tissues," "Super-Boost your health and energy," "Help improve digestion," "Aid the body's natural detoxification," and "Promote a healthy immune system." (*Id.*) These statements are structure/function claims under the Dietary Supplement Health and Education Act ("DSHEA"), because they "describe[] the role of a nutrient or dietary ingredient intended to affect the structure or function in humans." 21 U.S.C. § 343(r)(6)(A).

The thrust of Plaintiff's argument is that Barlean's advertising and labeling (the "representations") are false and misleading on two grounds. First, he claims the representations violate the DSHEA because they are not substantiated. (Pl.'s Compl., ¶ 2.) Second, he argues the products contain lead beyond the limits set by California's Proposition 65 ("Prop. 65") and that Barlean's failed to affix the necessary warning label for products that exceed this maximum. (*Id.*) Plaintiff's causes of action follow from the alleged violations of the DSHEA and Prop. 65.

Barlean's moved for summary judgment. (ECF No. 4 ("Def.'s Mot. for Summ. J.").) It submitted factual information in support of what would otherwise be a Rule 12(b)(6) motion to dismiss, thus rendering it a Rule 56 motion for summary judgment. (*Id.* at 2:4-7.) The motion is supported by the declaration of John Puckett, Barlean's CEO, who affirms that all products include the necessary Prop. 65 warning label and that the lead in the products is naturally occurring. (ECF No. 4 ("Puckett Decl."), ¶¶ 1, 4-5.) Plaintiff's opposition includes information about the harmfulness of ingesting lead. (ECF No. 6 ("Spector Decl.").)

//

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Eat Right Foods Ltd. V. Whole Foods Mkt., Inc.*, 880 F.3d 1109, 1118 (9th Cir. 2018). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. *Id.* at 331. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. *Celotex*, 477 U.S. at 314. The nonmoving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." *Anderson*, 477 U.S. at 256. When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. DISCUSSION

Plaintiff has sued under five causes of action. Barlean's moves for summary judgment on each of them.

### A. Unfair and Unlawful Business Acts and Practices

Plaintiff's first cause of action is for violation of California's Unfair Competition Law ("UCL"), which prohibits unlawful and unfair business practices. Cal. Bus. & Profs. Code §§ 17200, et seq. "An unfair business practice is one that either 'offends an established public policy' or is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *McDonald v. Coldwell Banker*, 543 F.3d 498, 506 (9th Cir. 2008) (quoting *People v. Casa Blanca Convalescent Homes, Inc.*, 159 Cal.App.3d 509, 530 (1984)). "[V]irtually any state, federal, or local law can serve as the predicate" for a UCL claim. *Friedman v. AARP, Inc.*, 855 F.3d 1047, 1052 (9th Cir. 2017) (quoting *People ex rel. Lockyer v. Fremont Life Ins. Co.*, 104 Cal.App.4th 508 (2002)). The predicate law need not provide a private cause of action because UCL "'borrows' violations of other laws and treats them as unlawful practices," which become "*independently* actionable." *Rose v. Bank of America, N.A.*, 57 Cal.4th 390, 396 (2013) (quoting *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999)). Plaintiff argues Barlean's violated the DSHEA and Prop. 65, which are the predicates of his UCL claim.

#### 1. DSHEA

Plaintiff claims that Barlean's representations do not comply with the DSHEA and are thus false and misleading. (Pl.'s Compl., ¶ 58.) Under the DSHEA, a supplement manufacturer may only make a structure/function representation if certain requirements are met. 21 U.S.C. § 343(r)(6). The requirement at issue is whether Barlean's "has substantiation" that its representations are "truthful and not misleading." *Id.* § 343(r)(6)(B); Pl.'s Compl., ¶ 24. Plaintiff argues that Barlean's has not substantiated its representations.

4

1  (Pl.'s Compl., ¶ 28.)  Plaintiff asserts, contrary to the representations, that the
2  products are harmful.  (*Id.* at ¶ 31.)

3  Barlean's contends that Plaintiff fails to state a UCL claim because there is
4  no private cause of action for a substantiation violation of the DSHEA.  (Def.'s
5  Mot. for Summ. J., at 4:21-23.)  While California law does not permit a private
6  plaintiff to *demand* substantiation for advertising claims, he may instead bring a
7  UCL action and prove that the claims are false or misleading.  *Dachauer v.*
8  *NVTY, Inc.*, 913 F.3d 844, 547 (9th Cir. 2019).  A private cause of action does
9  exist.  *See id.* at 849 (discussing viability of Plaintiff's UCL claim under DSHEA
10 where he presented evidence that could show the challenged statement was
11 misleading).

12 To the extent that Plaintiff is demanding substantiation, his claims are
13 barred.  But Plaintiff presents evidence to show Barlean's claims are false or
14 misleading.  In his brief, Plaintiff details the purported health risks associated with
15 lead, which is present in Barlean's products.  (ECF No. 6 ("Pl.'s Opp."), 4:1-26;
16 Spector Decl.)  In the light most favorable to Plaintiff, the evidence could show
17 that the products are harmful to human health and that the representations are
18 false or misleading.  Plaintiff thus states a claim under the UCL.  Accordingly, the
19 Court **DENIES** Barlean's motion insofar as it argues that Plaintiff has no private
20 cause of action and cannot state a UCL-DSHEA claim.

21 2. Prop. 65

22 Plaintiff claims that Barlean's violated the UCL by selling products with lead
23 levels above the proscribed limits of Prop. 65 and failing to include the required
24 warning label conveying this to consumers.  (Pl.'s Compl., ¶ 59.)  *See* Cal. Health
25 & Safety Code § 25249.6.  He submits photographs allegedly showing the
26 product he purchased and online listings of the products, all without the Prop. 65
27 "safe harbor" warning.  (Spector Decl., ¶¶ 11-13, Exhibit A.)  Barlean's argues it
28 is in compliance with Prop. 65.  (Def.'s Mot. for Summ. J., 6:9-18).  It presents a

photograph of its products, purportedly with the warning sticker, though the picture quality is too low for the Court to review. (Puckett Decl., Exhibit A.) Puckett also affirms that all products knowingly sold to California consumers meet the Prop. 65 labeling requirements. (*Id.* at ¶ 4.) There thus exists a dispute as to whether the products contain the Prop. 65 sticker. Whether the products include these stickers is a material fact. Viewing the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff has stated a UCL claim with Prop. 65 as the predicate violation. The Court **DENIES** Barlean's motion in so far as it argues that Plaintiff cannot state a claim under UCL because Barlean's is in compliance with Prop. 65.

3. Standing

Barlean's argues that the relief Plaintiff seeks is unavailable and unnecessary. First, it proposes that injunctive relief is unnecessary because Barlean's is in compliance with Prop. 65. (*Id.* at 6:22.) The Court determined above that a dispute of material fact exists as to Barlean's compliance, so the Court will not address this argument.

Second, Barlean's claims that Plaintiff lacks standing to seek injunctive relief. (*Id.* at 7:4-18.) For a plaintiff to have Article III standing under the U.S. Constitution, he "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). The injury must be "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

Barlean's claims Plaintiff "says that he would not have purchased the Product if he knew that it contained naturally occurring lead, but now that he knows that, he would purchase the Product in the future." (Def. Mot. for Summ. J., 7:10-13). Barlean's misrepresents the pleadings. Plaintiff states in his

6

3:18-cv-01619-BTM-MDD

photograph of its products, purportedly with the warning sticker, though the picture quality is too low for the Court to review. (Puckett Decl., Exhibit A.) Puckett also affirms that all products knowingly sold to California consumers meet the Prop. 65 labeling requirements. (*Id.* at ¶ 4.) There thus exists a dispute as to whether the products contain the Prop. 65 sticker. Whether the products include these stickers is a material fact. Viewing the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff has stated a UCL claim with Prop. 65 as the predicate violation. The Court **DENIES** Barlean's motion in so far as it argues that Plaintiff cannot state a claim under UCL because Barlean's is in compliance with Prop. 65.

3. Standing

Barlean's argues that the relief Plaintiff seeks is unavailable and unnecessary. First, it proposes that injunctive relief is unnecessary because Barlean's is in compliance with Prop. 65. (*Id.* at 6:22.) The Court determined above that a dispute of material fact exists as to Barlean's compliance, so the Court will not address this argument.

Second, Barlean's claims that Plaintiff lacks standing to seek injunctive relief. (*Id.* at 7:4-18.) For a plaintiff to have Article III standing under the U.S. Constitution, he "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). The injury must be "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

Barlean's claims Plaintiff "says that he would not have purchased the Product if he knew that it contained naturally occurring lead, but now that he knows that, he would purchase the Product in the future." (Def. Mot. for Summ. J., 7:10-13). Barlean's misrepresents the pleadings. Plaintiff states in his

complaint: "Plaintiff would not have purchased the Products, or would have purchased them on different terms, if he had known the truth" and "It is possible, however, that Plaintiff would purchase the Products in the future if the Representations were truthful, and/or if the Products complied with the required California disclosure standards." (Pl.'s Compl., 9:12-17.)

Barlean's standing argument appears to be that Plaintiff is unlikely to suffer future harm. (*See* Def.'s Mot. for Summ. J., 7:14-18.) Under the summary judgment standard, the Court must view the facts presented in the light most favorable to Plaintiff. Thus, the Court must accept Plaintiff's assertions that he would purchase from Barlean's in the future. This is sufficient at the prediscovery stage to confer standing for injunctive relief in the Ninth Circuit. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970-72 (9th Cir. 2018). Accordingly, the Court **DENIES** without prejudice Defendant's motion insofar as it argues Plaintiff seeks unavailable and unnecessary remedies.

## B. Deceptive Advertising Practices

Plaintiff's second cause of action is for deceptive advertising under California's False Advertising Law ("FAL"). Cal. Bus. & Profs. Code §§ 17500, et seq. Plaintiff asserts that Barlean's made representations that were deceptive and that did not comply with DSHEA and Prop. 65. (Pl.'s Compl., ¶ 72, 75.) Barlean's moves for summary judgment on the grounds that the representations constitute mere puffery that could not deceive a reasonable consumer. (Def.'s Mot. for Summ. J., 8:13-15, 10:4-7.) It further alleges that the Prop. 65 labels were on the products and that no reasonable consumer could be misled as a result. (*Id.* at 11:10-17.) Given the Court's above determination that a dispute of material fact exists as to the presence of Prop. 65 warning labels, the Court will not address this latter argument.

Whether an advertising misrepresentation is an actionable "statement of fact" or nonactionable puffery is a question of law that may be resolved in a Rule

7

3:18-cv-01619-BTM-MDD

12(b)(6) order. *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008). Puffery consists of "generalized, vague, and unspecific assertions . . . upon which a reasonable consumer could not rely." *Glen Holly Entm't, Inc. v. Tektronix Inc.*, 343 F.3d 1000, 1015 (9th Cir. 2003). Such statements make no specific claims and "are so exaggerated as to preclude reliance by consumers." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 246 (9th Cir. 1990). This inquiry "rests in the specificity or generality of the claim," since "consumer reliance will be induced by specific rather than general assertions." *Newcal Indus.*, 513 F.3d at 1053. "[M]isdescriptions of specific or absolute characteristics of a product" — those that are measurable and imply underlying product testing — are actionable. *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997) (quoting *Cook, Perkiss & Liehe*, 911 F.2d at 246).

The Court finds that some of the representations, standing alone, constitute mere puffery. Nevertheless, advertising claims must be viewed in context with one another. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 & n.3 (9th Cir. 2008). Viewing the products' packaging as a whole and in the light most favorable to Plaintiff, the Court finds that the representations are not mere puffery and that Plaintiff could plausibly prove that a reasonable consumer would be deceived by the representations. Accordingly, the Court **DENIES** Barlean's motion as to this cause of action.

**C. Consumer Legal Remedies Act**

Plaintiff's third cause of action is for violation of the Consumer Legal Remedies Act ("CLRA"), which prohibits unfair and deceptive acts in the sale of goods. Cal. Civ. Code §§ 1750, et seq. Plaintiff asserts that Barlean's "falsely and misleadingly labeled and represented" its products through "material misrepresentations and omissions" via the representations and the alleged lack of the Prop. 65 warning label. (Pl.'s Compl., ¶¶ 87-90.) Barlean's moves to

dismiss the CLRA claims using the same arguments made for the UCL and FAL causes of action. (Def.'s Mot. for Summ. J., 11:25-12:12.) The Court rejected those arguments above and does so again here. The Court **DENIES** Barlean's motion as to this cause of action.

**D. Breach of Express Warranty**

Plaintiff's fourth cause of action is for breach of express warranty. He argues that Barlean's labels and advertising constituted express warranties that formed the basis of the bargain that Barlean's breached. (Pl.'s Compl., ¶ 98, 100-01.) To state a claim for breach of express warranty, a plaintiff must allege (1) "the exact terms of the warranty," (2) "plaintiff's reasonable reliance thereon," and (3) "a breach of that warranty which causes plaintiff injury." *Williams v. Beechnut Nutrition Corp.*, 185 Cal.App.3d 135, 142 (1986).

Barlean's contends that product descriptions do not create an express warranty. (Def.'s Mot. for Summ. J., 14:6-9.) This is not so. Under California law, "[a]ny description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Cal. Comm. Code § 2313(1)(b); *see also Weinstat v. Dentsply Internat., Inc.*, 180 Cal.App.4th 1213, 1228 (2010) (explaining that the seller's "affirmations, promises, and descriptions of the goods" determine what the seller has agreed to sell and thus the basis of the bargain). Plaintiff says that Barlean's labeling constituted the basis of their bargain. (Pl.'s Compl., ¶ 98.) The Court must view such factual assertions in Plaintiff's favor. Plaintiff has thus stated a claim for breach of warranty with respect to the product descriptions on the label.

Barlean's also argues that puffery does not create an express warranty. (Def.'s Mot. for Summ. J., 13:1-2.) The Court decided above that Barlean's representations, taken as a whole, were not mere puffery and could deceive reasonable consumers. A puffery argument will thus not dispose of this cause of
/ /

action at this stage. Accordingly, the Court **DENIES** Barlean's motion as to breach of express warranty.

**E. Quasi-Contract**

Plaintiff's final cause of action is for quasi-contract. Barlean's argues that unjust enrichment is not an independent theory of recovery but rather a form of restitution. (Def.'s Mot. for Summ. J., 14:13-15:1.) Some California courts agree with this proposition. *See, e.g.*, *Levine v. Blue Shield of Cal.*, 189 Cal.App.4th 1117, 1138 (2010) (stating "[t]here is no cause of action in California for unjust enrichment" and determining that Plaintiff's unjust enrichment claim "does not properly state a cause of action"); *Williamson v. Reinalt-Thomas Corp.*, 2012 WL 1438812, at *5 (N.D. Cal. 2012) (collecting cases stating the same). In *Astiana v. Hain Celestial Group, Inc.*, the Ninth Circuit stated: "When a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'" 783 F.3d 753, 762 (9th Cir. 2015) (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal.App.4th 221, 231 (2014)). *Astiana* is indistinguishable from the case at hand. The Court must rely on the Ninth Circuit's ruling. Plaintiff states a claim for quasi-contract. *See Sebastian v. Kimberly-Clark Corp.*, 2017 WL 6497675, at *10 (S.D. Cal. 2017). Accordingly, the Court **DENIES** the motion with respect to this cause of action.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 4) is **DENIED**.

**IT IS SO ORDERED**.

Dated: September 12, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge